UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SHAWNA PEACE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:23-cv-00008-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MAXIMUS FEDERAL SERVICES, INC., | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion to Remand. [R. 9.] Ms. Peace originally brought this action in Laurel Circuit Court alleging that Maximus, her former employer, subjected her to a hostile work environment and unlawful retaliation. [R. 1-3.] Maximus removed the action to this Court. [R. 1.] Ms. Peace then filed a Motion to Remand, accompanied by a stipulation that the amount in controversy is less than $75,000. [R. 9.] Maximus opposes remand, arguing that a post-removal stipulation on damages does not require remand. [R. 11.] Because the stipulation is unequivocal, it is effective and the Motion to Remand [R. 9] is **GRANTED**.

## I

On December 8, 2022, Ms. Peace filed suit against Maximus in Laurel County Circuit Court, seeking an unspecified sum of damages to compensate for hostile work environment and unlawful retaliation. [R. 1-3 at 2-3.] Additionally, she sought punitive damages, attorney's fees, costs and expenses. *Id.* at 3. Maximus removed the action to this Court. [R. 5.] It recognized that Ms. Peace's complaint states that she is not seeking damages greater than $75,000. *Id.* at 2-

3.  However, it claims that the amount in controversy is satisfied because "[t]he Kentucky Rules of Civil Procedure permit Plaintiff to state in the Complaint that she seeks less than $75,000, but later seek and recover damages exceeding that amount."  *Id.* (citing CR 54.03(2); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)).

> Ms. Peace then filed a Motion to Remand.  [R. 9.]  She filed a Stipulation stating that:
>
> The amount in controversy in connection with Plaintiff's claims asserted in this case is less than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief; and Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief.

[R. 9-1.]  Maximus argues that the reasonable value of Ms. Peace's damages exceeds $75,000 and that her post-removal stipulation is ineffective to defeat this Court's jurisdiction.  [R. 11.]

## II

### A

A defendant may remove a civil action from state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States."  *See* 28 U.S.C. § 1332(a)(1).  In this case, the only dispute is over the $75,000 amount in controversy requirement.

A Court considers whether federal jurisdiction existed at the time of removal.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Rogers*, 230 F.3d at 872 (additional citations omitted).  Because federal courts are courts of limited jurisdiction, any

doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating the specific amount that they seek to recover in their complaint. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court...."). As a result, Federal Courts sitting in Kentucky are often confronted with state court complaints that fail to pray for a specific amount of monetary relief. To further complicate the situation, Kentucky Rule of Civil Procedure 54.03 provides that plaintiffs may actually recover more in damages than they seek in their complaint. Ky. R. Civ. P. 54.03(2) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*") (emphasis added). Thus, even if a plaintiff could state the amount of damages sought in her complaint, the ultimate award could still exceed that amount.

An amendment to 28 U.S.C. § 1446 sheds some light on how the amount in controversy should be ascertained in jurisdictions like Kentucky, where one or both of the aforementioned procedural rules makes that determination more difficult. When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is appropriate if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28

U.S.C. § 1446(c)(2)(B); *see also MacKenzie v. GGNSC Stanford, LLC,* CIV.A. 13–344–KSF, 2013 WL 6191853 at * 2 (E.D. Ky. Nov. 26, 2013); *Proctor v. Swifty Oil Co., Inc.,* 2012 WL 4593409, * 2 (W.D. Ky. Oct. 1, 2012).  Thus, because the burden is on the defendant seeking removal, Maximus must initially show by a preponderance of the evidence that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000.  Assuming this is done, the Court must then consider whether Ms. Peace's post-removal stipulation effectively defeats the jurisdiction of this Court by unequivocally limiting damages below the jurisdictional threshold. *See Jester v. Kenco Logistics Servs., LLC*, 2013 WL 6072994 at *1 (W.D. Ky. Nov. 18, 2013)

**B**

**1**

When a complaint fails to pray for a particular amount of monetary relief, the burden is on the defendant to show, by a preponderance of the evidence, that it is more likely than not that more than $75,000 is at issue. *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595, at *1 (E.D. Ky. 2007) (citations omitted).  Maximus argues that Ms. Peace's claims could easily surpass this threshold.  [R. 11 at 2-4.]  Ms. Peace seeks the following damages, all of which are unspecified in the Complaint:

- Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;
- Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;
- Punitive damages to punish and deter similar future unlawful conduct;
- Statutory interest on all damage awards, verdicts or judgments.

[R. 1-3 at 3.]  Maximus attempts to place actual dollar amounts on the above demands and concludes that the claims could easily surpass $75,000.  [R. 11 at 2-4.]  The Court agrees with this assessment.  It is more likely than not that, as pled, more than $75,000 is at issue in this case. This determination, however, has no bearing on the ultimate question of remand unless the Court

also finds that Ms. Peace's post-removal stipulation is ineffective.  The Court now turns to that question.

2

Plaintiffs commonly attempt to defeat federal jurisdiction through post-removal stipulations, but not all such stipulations defeat jurisdiction.  In the Eastern District of Kentucky, Courts distinguish stipulations that *reduce* the amount in controversy from those that *clarify* the amount in controversy.

It has been a longstanding rule in the Sixth Circuit that "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (emphasis added).  *Rogers* is consistent with the rule that subject matter jurisdiction is determined at the time of removal and that events happening after removal cannot defeat the Court's subject matter jurisdiction.  *Id.*

However, when a post-removal stipulation is unequivocal and is the first specific statement of the alleged damages, it is considered a *clarification*, rather than a reduction, and the case may be remanded.  This rule was originally stated in *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990), and, as multiple Courts have noted, survives the Sixth Circuit's opinion in *Rogers*, which neither overruled nor distinguished *Cole*.  *Fenger,* 194 F. Supp. 2d at 605; *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777 n.4 (W.D. Ky. 2002).  In *Cole*, a plaintiff alleged outrageous conduct and defamation in a Kentucky state court and requested an unspecified amount of relief.  *Id.* at 1309.  After the defendant removed the case to federal court, the plaintiff sought to remand the case by stipulating that the damages would not exceed the federal amount in controversy requirement.  *Id*. at 1307.  Based on this

5

stipulation, as well as the dearth of information in the record as to the amount in controversy, the court found jurisdiction lacking and remanded the case.  *Id.* at 1309.  In light of *Cole*, courts in this district remand cases wherein the post-removal stipulation that relief does not exceed $75,000 is the first specific statement of the alleged damages and clarifies the amount in controversy.  *See Manning v. State Farm Fire & Cas. Co.*, 2011 WL 146391, at *2 (E.D. Ky. Jan. 18, 2011) ("As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the Stipulation of Damages is the first specific statement of [the Plaintiff's] alleged damages in this case. [The Plaintiff's] stipulation, just as in *Cole,* did not change the information upon which State Farm relied; instead, the stipulation provided, *ab initio,* the specific damage amounts claimed."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009); *Fenger*, 194 F. Supp. 2d at 605; *see also Egan*, 237 F. Supp. 2d at 777 (Referencing *Cole* and adopting a similar rule, denying remand but holding "that where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change.")

When a case is remanded on the basis of a post-removal stipulation, the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court.  As has been explained by one court in the Western District of Kentucky, post-removal stipulations are, like any other factual stipulations, binding:

> The United States Supreme Court determined that factual stipulations are "binding and conclusive ... and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez,* —— U.S. ——, 130 S.Ct. 2971, 2983, 177 L.Ed.2d 838 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made ... by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles,* —— U.S.——, 133 S. Ct. 1345, 1348, 185 L.Ed.2d 439 (2013) (quoting 9 J. Wigmore, Evidence § 2588, 821 (J. Chadbourn rev. 1981)).

*Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013).  Other Courts in this district

have come to the same conclusion, albeit by different means.  Judge Forrester once provided the

following warning to a party whose case was being remanded:

> Since this Court has adopted the position urged by the plaintiff (i.e., that her damages are
> limited to $54,000) in granting the present motion, the plaintiff would be prevented from
> later taking an inconsistent position (i.e., that her damages are actually greater than
> $54,000). *See, e.g., Colston Investment Co. v. Home Supply Co.,* 2001 WL 705638 (Ky.
> Ct. App.) ("The judicial estoppel doctrine protects the integrity of the judicial process by
> preventing a party from taking a position inconsistent with one successfully and
> unequivocally asserted by the same party in a prior proceeding.").

*Fenger,* 194 F. Supp. 2d 601, 605 (E.D. Ky. 2002); *See also*, *Ratliff v. Merck & Co., Inc.,* 359 F.

Supp. 2d 571 (E.D. Ky. March 3, 2005); *Bowling v. Ryan*, 2005 WL 1875465 (E.D. Ky. July 29,

2005); *Hoop v. Wal-Mart Stores E., L.P.*, 2014 WL 1338704 (E.D. Ky. Mar. 31, 2014).

Did Ms. Peace's post-removal stipulation reduce or clarify her damage demand?  If the

post-removal stipulation is not the first reflection of the value of damages but, rather, *reduces* the

amount of damages below the jurisdictional level of the Court then remand is not required.

*Rogers*, 230 F.3d at 872.  If, however, the post-removal stipulation is the first clear indication of

damages then the stipulation will be treated as a *clarification* and remand is appropriate.  *Cole,*

728 F. Supp. at 1305.  This Court is convinced that Peace's stipulation clarifies, rather than

reduces, her demand.  The Court is not aware of any other inconsistent announcement that Ms.

Peace had made about the damages she seeks in this case.

The Court is further convinced that the stipulation is unequivocal and binds Maximus to

accept no more than the stipulated amount.  This decision is consistent with the holding of

numerous cases in the Western District which have evaluated nearly identical stipulations filed

by the same attorney.  First, in *Mooney v. AT&T Corp.*, the Court found an identical stipulation

to be unequivocal.  2018 WL 2670065, at *2 (W.D. Ky. June 4, 2018).  It stated that the

stipulation "satisfies the requirement that the plaintiff's stipulation be clear and unequivocal." *Id.* The same stipulation was again deemed unequivocal in *Emmitt v. Elmington Property Management, LLC*, 3:17-CV-00706-GNS, 2018 WL 2011932, at *2 (W.D. Ky. Apr. 30, 2018). Finally, in *Uffman v. Allstate Property & Cas. Ins. Co.*, this district affirmed, with the Defendant's agreement, that an identical stipulation was unequivocal. 5:23-cv-06-KKC, 2023 WL 2947427, at *2 (E.D. Ky. Apr. 14, 2023).

Ultimately, there is substantial precedent establishing that Ms. Peace's stipulation is sufficiently equivocal and clear to require remand. Maximus's arguments against remand are unavailing. It first claims that *Rogers* makes the stipulation ineffectual. [R. 11 at 5-6.] It compares this case to *Bragdon v. Faneuil, Inc.*, in which a Court in the Eastern District denied remand in similar circumstances. 5: 21-323-DCR, 2022 WL 256274 (E.D. Ky. Jan. 26, 2022). That decision did not address whether the stipulation was unequivocal. Rather, it found that the Plaintiff's stipulation impermissibly "walked back" the allegations in the Complaint when the Complaint "pleaded sufficiently specific information to indicate that the amount in controversy requirement is met." *Id.* at *3.

*Bragdon* is inconsistent with the Sixth Circuit's ruling in *Shupe.* There, the Sixth Circuit recognized that a post-removal stipulation can require remand if it is unequivocal and is the first time the plaintiff provides specific information about the amount in controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. App'x 476, 481 (6th Cir. May 22, 2014). That ruling favorably cited two Western District cases in the line of precedent referenced above. *Id.*

Maximus argues that the Court should not follow *Shupe* because it is erroneous and unpublished and therefore is not binding. [R. 11 at 7.] It argues that *Shupe* "directly conflicts" with *Rogers. Id.* It does not. *Rogers* was premised on post-removal stipulations which *reduce*

the amount in controversy.  230 F.3d at 873.  *Shupe* and the cases applying it clearly distinguish between a stipulation reducing the amount in controversy and one clarifying the amount.  *See* 566 Fed. App'x at 481.

This distinction is a logical outgrowth of the amount in controversy requirement.  If the plaintiff unequivocally states that they will not seek or accept an amount at or above the jurisdictional threshold, then by definition, the amount in controversy does not pass that threshold.  This admittedly creates an inelegant procedure in which a defendant removes, the plaintiff stipulates, and the Court remands.  While this could be avoided by permitting plaintiffs to state the amount in controversy in their complaint, the federal courts cannot alter state procedural rules.  The Court finds no reason to not follow *Shupe*.  It is not inconsistent with *Rogers* and it is a logical solution to the dynamic created by the applicable state procedural rules.

### III

The Court finds that Ms. Peace's stipulation is an unequivocal *clarification*, as opposed to a *reduction,* and so remand is appropriate under the teachings of *Cole,* 728 F. Supp. at 1307.  This stipulation prevents this Court from exercising jurisdiction but also effectively prevents Ms. Peace from later receiving a greater award in the state courts.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Ms. Peace's Motion to Remand [R. 9] is **GRANTED** and this case is **REMANDED** to Laurel Circuit Court; and

2. This matter is **STRICKEN** from the Court's active docket.

This the 2nd day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge